UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REVECCA J. MLADENOFF<br>AND ARALY E. MLADENOFF | CIVIL ACTION |
| VERSUS | NO. 06-4951 |
| FIDELITY NATIONAL<br>INSURANCE COMPANY<br>AND COLONIAL CLAIMS<br>CORPORATION | SECTION: "C" (1) |

## ORDER AND REASONS

Before the Court are Motions to Dismiss filed by defendants, the Fidelity National Insurance Company ("Fidelity"), and Colonial Claims Corporation ("Colonial") (Rec. Docs. 31 & 32). Plaintiffs, Revecca J. Mladenoff and Araly E. Mladenoff ("the Mladenoffs"), do not oppose the motions. The motions are before the Court on the briefs, without oral argument. Having consider the memoranda of counsel, the record and the applicable law, the Court find that the motions are **GRANTED**.

## I. BACKGROUND

The Mladenoffs owned property at 3220 and 3222 Palmyra St. in New Orleans,

1

Louisiana. They purchased a Standard Flood Insurance Policy ("SFIP") for the property through the federal government's National Flood Insurance Program. In this case, Fidelity was the Write-Your-Own ("WYO") program carrier. The policy limits were $183,000 for the dwelling and $100,000 for the contents. Following Hurricane Katrina, the Mladenoffs filed a claim with Fidelity under their policy. Colonial was assigned as the adjuster to evaluate the losses sustained by the Mladenoffs. Fidelity paid a total of $99,089.21 as the amount due under the policy. The Mladenoffs filed this suit claiming that Fidelity and/or Colonial failed to properly evaluate the loss, and failed to properly price the cost of repairing the covered property. In their complaint, the Mladenoffs assert claims for extra-contractual penalties and fees against the defendants based on Louisiana law.

**II. STANDARD OF REVIEW**

The standard for a Rule 12(c) motion is the same as under Rule 12(b)(6). *Great Plains Trust Co. v. Morgan Stanley Dean Whitter & Co.*, 313 F.3d 305, 313 n. 8 (5th Cir. 2002). This Court cannot dismiss a complaint under Rule 12(b)(6) unless it appears beyond a doubt that the plaintiff cannot prove a plausible set of facts in support of his claim which would entitled him to relief. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). Conclusory allegations or legal conclusions, however, will not suffice to defeat a

motion to dismiss. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). A court's ultimate conclusion that a case should be dismissed may rest "on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Barrera-Montenegro v. U.S.*, 74 F.3d 656, 659 (5th Cir. 1996) (citations omitted).

### III. ANALYSIS

#### 1. Fidelity's Motion to Dismiss

Fidelity argues that the Mladenoffs' claims against it should be dismissed. The Court notes that the plaintiffs do not oppose the motion. Fidelity relies on the Fifth Circuit's ruling in *Wright v. Liberty Mutual Ins. Co.*, 415 F.3d 384, 390 (5th Cir. 2005) to assert that all state law based extra-contractual claims are preempted by federal law in the context of SFIP's.

In *Wright*, the Fifth Circuit held, "state law tort claims arising from claims handling by a WYO are preempted by federal law." *Wright v. Liberty Mutual Ins. Co.*, 415 F.3d 384, 390 (5th Cir. 2005). Furthermore, in *Wright II*, the Fifth Circuit concluded:

> Our review of the language of the NFIA and the SFIP reveals no express authorization for a policyholder to bring an extra-contractual claim against a WYO insurer. Neither do we perceive any evidence that Congress implicitly intended that policyholders be able to file claims against WYO insurers other than those specifically provided for in the Act. *Wright v. Allstate Ins. Co.*, 500 F.3d

3

390, 398 (5th Cir. 2007).

Thus, the Fifth Circuit's holding in *Wright* and *Wright II* control the issues in this case. Simply, the Mladenoffs cannot assert extra-contractual state law claims for penalties and fees against Fidelity. Accordingly, there are no plausible facts to support the state law claims for relief, and thus, the claims must be dismissed. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007).

### **2. Colonial's Motion to dismiss**

Colonial argues that the plaintiffs have no viable claims against them, and thus, the complaint must be dismissed. Again, the plaintiffs do not oppose the motion. In the complaint, the Mladenoffs claimed that Colonial breached duties of good faith imposed by Louisiana law. And, the plaintiffs maintained that Colonial is liable under state law for the alleged breach of duty.

Once more, the Fifth Circuit's decision in *Wright* is instructive because the court indicated that claims adjustment fell under the rubric of "claims handling." *Wright v. Liberty Mutual Ins. Co.*, 415 F.3d 384, 388-90 (5th Cir. 2005). And the court ruled, as quoted above, "state tort claims arising from claims handling by a WYO are preempted by federal law." *Id.* Furthermore, the Mladenoffs cannot assert a cause of action against Colonial under La.R.S. §§ 22:658 and 22:1120 because "an insurance adjustor has no duty of good faith or independent tort duty to the insured," unless the adjuster assumed a tort duty to the insured. *See, Kessel v. State Farm Fire and Cas. Co.*, 2007 WL

4

1017573 (E.D.La. March 30, 2007). In this case, there is no allegation that Colonial has undertaken or assumed a duty in tort to the insured.[1] Therefore, there are no plausible facts to support the state law claims for relief, and thus, the claim against Colonial must be dismissed. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007).

**IV. CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that the Defendant's Motions to Dismiss are **GRANTED** (Rec. Docs. 31 & 32).

New Orleans, Louisiana, this 14th day of November, 2007.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[1] Examples of when an adjustor may undertake such a duty can "include the relative education of the parties, the diligence of the claimant in seeking the facts, the actual or apparent authority of the adjustor, the content of his promises to the claimants, misrepresentations and fraud." *Edwards v. Allstate Property and Cas. Co.*, 2005 WL 2215060 (E.D. La.) (quoting, *Pellerin v. Cashway Pharmacy of Franklin, Inc.*, 396 So.2d 371, 373 (La.App. 1 Cir.1981)).